UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TERESA A. SALYER | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-408 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

### **MEMORANDUM OPINION**

The plaintiff Teresa A. Salyer has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Salyer was born in 1961 and was 42 years old at the time of her administrative hearing. [Tr. 366]. She completed one year of college and has relevant past work experience as a hospital housekeeper, van driver, and industrial cleaner. [Tr. 14, 366]. Ms. Salyer alleges she is disabled as of June 13, 2002, from neck and shoulder pain radiating to her left arm with spasms. [Tr. 14]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Salyer was not disabled as defined by the Social Security

Act. [Tr. 17].

At Ms. Salyer's second administrative hearing held on June 28, 2004, the testimony of Ms. Salyer and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 366-81]. Ms. Salyer testified she last worked in June 2002 as a housekeeper at a hospital. [Tr. 366-67]. Prior to that, she drove a van for a human resources company and was an inside building cleaner. [Tr. 368-69]. Ms. Salyer testified she was unable to work now because she could not lift like she used to and could not walk well. [Tr. 373]. She attributed the pain to residual problems in her neck, shoulders, and arms from a car accident. [Tr. 373-74]. Ms. Salyer is able to drive a car, prepare meals while seated, perform light housework, and attend church once a month. [Tr. 374-75].

Vocational expert Dr. Norman Hankins testified next. [Tr. 369-73, 78-81]. He classified Ms. Salyer's position as a hospital cleaner as unskilled with medium exertion, her position as a van driver as semiskilled with medium exertion, and her position as an inside building cleaner as unskilled with medium exertion. [Tr. 369-72]. The vocational expert was then asked to assume a woman of Ms. Salyer's height, weight, education, and work history who retained the residual functional capacity [RFC] to perform light work and had a limited ability to use her non-dominant hand. [Tr. 378]. The vocational expert testified such a person could work

2

as a crossing guard, gate guard, greeter, hostess, flagger, and parking lot attendant. [Tr. 379-80].

The ALJ ruled that Ms. Salyer was not disabled because her severe impairments of status-post anterior cervical diskectomy and fusion and left carpal tunnel syndrome were not severe enough for a finding of disability. [Tr. 17]. The ALJ then found that Ms. Salyer retained the RFC to perform light work consistent with an inability to use her non-dominant hand in many activities. [*Id.*]. The ALJ determined Ms. Salyer could work as a crossing guard, gate guard, greeter, flagger, hostess, and parking lot attendant. [Tr. 19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Salyer requests a judgment on the pleadings and challenges the ALJ's rejection of the restrictions set forth by her treating physician, Dr. Ken Smith. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

In September 2003, Dr. Smith opined that Ms. Salyer could perform limited activities that required considerable hand dexterity or handgrip. [Tr. 325]. Her ability to reach with her bilateral upper extremities to the shoulder level or overhead positions should also be limited. [*Id.*]. She also needed to avoid all activities on slippery, wet, narrow, or elevated surfaces. [*Id.*]. In addition, she was capable of only lifting five pounds from below the waist and up to 10 pounds above the waist. [Tr. 326]. The ALJ indicated he rejected the opinion of Dr. Smith because it was almost one year old and was inconsistent with the doctor's own clinical findings. [Tr. 18]. Dr. Smith's opinion was inconsistent with his own findings in that he recorded Ms. Salyer's symptoms were improving post-surgery, her pain was listed as "mild" many times, she only used Tylenol to control her pain, and her strength consistently

4

tested normal with no muscle atrophy. [Tr. 147, 152, 155, 158, 159, 162, 164, 165, 169, 317, 318, 320, 321, 323, 324, 328].

And, Dr. Smith's opinions were inconsistent with other substantial evidence in the record. Dr. George Bounds reviewed the same x-rays and medical records as Dr. Smith and reached a different conclusion. [Tr. 235]. Dr. Bounds noted that Ms. Salyer did not have an impairment or combination of impairments that would be considered severe. [*Id.*]. He found that she was released to return to work and that her x-rays indicated that her hardware was intact and she had good alignment. [*Id.*].

The ALJ's decision to reject Dr. Smith's opinions was made with substantial evidence because the opinions were in contrast to his treatment notes and the other substantial evidence in the record.

Ms. Salyer next argues the ALJ asked leading questions of the vocational expert at her administrative hearing. At the hearing, the ALJ proposed a hypothetical situation for the vocational expert to consider. [Tr. 378]. At first, the vocational expert stated there would be no positions for such a person to fill. [*Id.*]. The ALJ then began listing off occupations and asking the vocational expert if these occupations would be suitable. [Tr. 378-79]. For his part, the ALJ stated he was doing this because he had heard the vocational expert "testify hundreds of times" concerning jobs people with Ms. Salyer's limitations could perform, and it was "surprising" that

5

he did not mention these specific positions. [Tr. 381]. And, for his part, the vocational expert admitted that he was not listening very well to the ALJ's hypothetical, hence his confusion. [*Id.*]. This court does not find the ALJ in error as he was simply trying to diffuse confusion on the part of the vocational expert.

After careful consideration of the entire record of proceedings related to this case, Ms. Salyer's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
      SENIOR U. S. DISTRICT JUDGE

6

Case 2:04-cv-00408   Document 15   Filed 01/09/06   Page 6 of 6   PageID #: 6